UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 08 74

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL E. L'ARCHEVESQUE, and WILMINGTON TRUST COMPANY, as Trustee of The Paul E. L'Archevesque Special Revocable Trust – 2006,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>Case No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, The Lincoln National Life Insurance Company ("Lincoln"), by and through its attorneys, hereby files this Complaint for Declaratory Judgment, and in support thereof, avers as follows:

1. This is an action for a declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, wherein Lincoln seeks a declaration establishing its rights and obligations pursuant to a policy of life insurance issued on the life of Defendant Paul E. L'Archevesque ("Mr. L'Archevesque"). Lincoln is entitled to the relief it seeks because of, *inter alia*, material misrepresentations submitted in the application for the policy – upon which Lincoln relied in issuing the policy – and the concealment by the policy applicants of certain material facts the applicants knew and ought to have communicated to Lincoln. There is, therefore, an actual controversy of a justiciable nature, concerning the rights and obligations of the parties under the subject life insurance policy.

## PARTIES

2. Plaintiff Lincoln is a life insurance company organized and existing under the laws of the State of Indiana, located at 1300 South Clinton Street, Ft. Wayne, Indiana 46802.

3. Defendant Mr. L'Archevesque, the individual insured under the policy at issue, is a natural person, residing, upon information and belief, at 300 Cherry Lane, Palm Beach, Florida 33480.

4. Defendant Wilmington Trust Company ("Wilmington" or "Trustee") is the trustee of The Paul E. L'Archevesque Special Revocable Trust – 2006 (the "L'Archevesque Trust II"), the trust that owns the policy at issue, and is a commercial bank organized and existing under the laws of the State of Delaware, located at Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), insofar as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and all Defendants.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to the claim occurred herein.

## FACTUAL BACKGROUND

### Issuance of the Policy

7. On or about February 16, 2006, an application (the "Application") was submitted to Lincoln for a $10,000,000.00 life insurance policy on the life of Mr. L'Archevesque. A true

and correct copy of the Application, with redactions of certain personal identifiers, is attached hereto as Exhibit "A." The amount of coverage applied for was later reduced to $5,000,000.00.

8. At the time the Application was submitted, Mr. L'Archevesque was 66 years old. *See* Exhibit "A." The Application indicated Mr. L'Archevesque had a net worth of $20,000,000. *See id.*

9. In the Application, The Paul E. L'Archevesque Special Trust – 2006 ("L'Archevesque Trust I"), an entity purportedly located at 625 Taunton Avenue, East Providence, Rhode Island, was identified as the proposed owner and beneficiary of the policy. *See* Exhibit "A." Jay L'Archevesque ("J. L'Archevesque") was the purported trustee, and signed the Application on behalf of The L'Archevesque Trust I. *See id.* The L'Archevesque Trust I would eventually be listed as both owner and beneficiary of the issued policy.

10. The Application contained a Certification that read, in pertinent part, as follows:

> I/WE have read the questions and answers in this application and declare that they are complete and true to the best of my (our) knowledge and belief. I/WE agree, a) that this Application shall form a part of any Policy issued, and b) that no Agent/Representative of the Company shall have the authority to waive a complete answer to any question in this Application, make or alter any contract, or waive any of the Company's other rights or requirements.

*See* Exhibit "A."

11. Therefore, in completing the Application, Mr. L'Archevesque, J. L'Archevesque, and/or those acting on their behalf, knew that they were required to provide truthful and accurate responses to the questions presented. Furthermore, Mr. L'Archevesque, J. L'Archevesque, and/or those acting on their behalf, knew that Lincoln would rely upon the answers recorded on the Application in determining whether Mr. L'Archevesque was insurable and qualified for the policy for which he was applying.

12. The Application required the applicants to provide certain information concerning the medical history of Mr. L'Archevesque. Among other representations, it was indicated on the Application that Mr. L'Archevesque's "last visit" to his personal physician had occurred in "11/2005," with "Dr. Zak." *See* Exhibit "A."

13. The applicants also answered "No" to each of the following inquiries on the Application regarding Mr. L'Archevesque:

- whether he "had or been advised to have a check-up, EKG, x-ray, blood or urine test or any other diagnostic test";
- whether he "ever had any indication of, or been treated for [a]ny nervous, mental or emotional disorder…"; and
- whether he "ever had any indication of, or been treated for [a]ny mental or physical disorder not listed above."

*See* Exhibit "A."

14. Finally, when asked to list "all medications and dosages you are currently taking to include prescriptions, over the counter drugs, aspiring and herbal supplements," the following were listed: "Lethitin, Flaxseed Oil, MVIT, Garlic." *See* Exhibit "A."

15. On March 1, 2006, in reliance upon the representations on the Application that had been certified as true by the applicants, Lincoln issued life insurance policy number 7229888, with a total death benefit of $5,000,000.00 (the "Policy") on the life of Mr. L'Archevesque. A true and correct copy of the specimen Policy is attached hereto as Exhibit "B." The effective date of the Policy was March 3, 2006. *See* Exhibit "B."

16. Shortly thereafter, administrative forms were submitted to Lincoln, on which requests were made to change the owner and beneficiary of the Policy to Defendant The

L'Archevesque Trust II. Lincoln processed the requested changes, and The L'Archevesque Trust II remains the record owner and beneficiary of the Policy.

**Lincoln's Discovery of**
**Misrepresentations on the Application**

17. Since the time at which the Policy was issued, Lincoln has learned that the applicants made multiple material misrepresentations on the Application concerning Mr. L'Archevesque's health condition, particularly regarding his diagnosis of, and treatment for, early onset Alzheimer's disease.

18. Specifically, upon information and belief, the applicants misrepresented on the Application, *inter alia*, the following:

- the date of Mr. L'Archevesque's last treatment with his personal physician, Dr. Zak, which had occurred later than was represented;
- the fact that Mr. L'Archevesque had undergone, less than six months prior to applying for coverage, a magnetic resonance imaging ("MRI") scan, a magnetic resonance angiography ("MRA") scan, a computed tomography ("CT") scan, and a battery of neurological tests;
- the fact that Mr. L'Archevesque had experienced, prior to applying for coverage, memory loss and forgetfulness potentially relating to Alzheimer's disease; and
- the fact that Mr. L'Archevesque had recently been prescribed, and had ingested, certain prescription medications.

19. The misrepresentations set forth on the Application were material, in that they induced Lincoln to issue the Policy and substantially affected the hazard assumed by Lincoln. Had the applicants truthfully represented Mr. L'Archevesque's health condition and medical history on the Application, Lincoln would not have issued the Policy as applied for.

20. Moreover, the nature of certain transactions involving the Policy – including, *inter alia*, the immediate request to change the ownership and beneficiary designation of the Policy following its issuance, and, upon information and belief, the subsequent acquisition of the Policy, or a beneficial interest in The L'Archevesque Trust II, by individuals or entities engaged in secondary life insurance market transactions – have also called into question the Policy's underlying validity. Lincoln's investigation of these and related issues is likely to reveal additional, material concerns.

**COUNT I**

**DECLARATORY JUDGMENT:**
**POLICY VALIDITY, RIGHTS AND OBLIGATIONS**

21. Lincoln hereby incorporates by reference each and every averment of fact contained in the preceding paragraphs as if set forth herein at length.

22. Upon information and belief, Mr. L'Archevesque, J. L'Archevesque, and/or others acting on their behalf, made misrepresentations to Lincoln on the Application concerning the health condition and medical history of Mr. L'Archevesque. The Application was made part of the Policy upon its issuance.

23. The applicants knew, or should have known, of the falsity of certain representations made on the Application. The misrepresentations on the Application regarding Mr. L'Archevesque's health condition and medical history were material and invoked Lincoln's reliance; indeed, the misrepresentations had a significant bearing upon Lincoln's decision to issue a policy insuring the life of Mr. L'Archevesque.

24. Lincoln is entitled to a judicial declaration that, pursuant to Rhode Island law, the Policy is void *ab initio*, as it was issued by Lincoln in reliance upon material misrepresentations made by the Policy applicants, or, in the alternative, that the misrepresentations constitute grounds for rescission of the Policy by Lincoln. In addition, Lincoln may be entitled to a declaration that the Policy is void *ab initio*, for lack of an insurable interest.

## RELIEF REQUESTED

WHEREFORE, Lincoln respectfully requests the entry of an Order by this Court declaring:

A. Whether the Policy is void *ab initio*, or in the alternative, whether Lincoln may rescind the Policy;

B. Whether Lincoln may retain some or all of the premiums paid pursuant to the Policy;

C. Whether Lincoln is awarded attorney's fees and costs associated with seeking this judgment; and

D. Whether Lincoln is granted such further relief as this Court deems appropriate.

February 29, 2008

**NIXON PEABODY LLP**

By: ______________________

Steven M. Richard (I.D. # 4403)
srichard@nixonpeabody.com
One Citizens Plaza
Providence, RI 02903
(401) 454-1000 (phone)
(401) 454-1030 (facsimile)

***Of Counsel***

DRINKER BIDDLE & REATH LLP
Stephen C. Baker
stephen.baker@dbr.com
Heath M. Lynch
heath.lynch@dbr.com
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700

*Attorneys for Plaintiff*
*The Lincoln National Life Insurance Company*