UNITED STATES DISRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | : | |
| Plaintiff | : | **JURY TRIAL DEMANDED** |
| v. | : | C.A. No.: 0874-S |
| PAUL E. L'ARCHEVESQUE, and WILMINGTON TRUST COMPANY, as Trustee of The Paul E. L'Archevesque Special Revocable Trust – 2006, | : | |
| Defendants. | : | |

**ANSWER OF WILMINGTON TRUST COMPANY TO COMPLAINT FOR DECLARATORY JUDGMENT**

Defendant, Wilmington Trust Company, as Trustee Under the Paul E. L'Archevesque Special Revocable Trust – 2006 ("Wilmington"), hereby responds to the Complaint for Declaratory Judgment filed by The Lincoln National Life Insurance Company as follows:

1. Wilmington admits that Plaintiff seeks a declaration of its rights under a policy of life insurance issued on the life of defendant Paul E. L'Archevesque, but denies the remaining allegations contained in paragraph 1.

**PARTIES**

2. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, therefore, denies same.

3. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies same.

4. Wilmington admits that it is a Delaware-chartered bank and trust company with its main office located at 1100 North Market Street, Rodney Square North, Wilmington,

Delaware. Wilmington further admits that it is Trustee under the Paul E. L'Archevesque Special Revocable Trust-2006. The remaining allegations contained in paragraph 4 state conclusions of law to which no response is required.

## JURISDICTION AND VENUE

5. Paragraph 5 states contains conclusions of law to which no response is required.

6. Paragraph 6 states contains conclusions of law to which no response is required.

## FACTUAL BACKGROUND

### Issuance of the Policy

7. Wilmington admits that there is a document entitled "Life Insurance Application" ("Application") appended to Plaintiff's Complaint, the contents of which speak for themselves. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and, therefore, denies same.

8. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 8. With respect to the second sentence of paragraph 8, Wilmington admits only that the contents of the Application speak for themselves. To the extent the allegations contained in paragraph 8 differ from the contents of the Application, Wilmington denies the allegations contained in paragraph 8.

9. Wilmington admits only that the contents of the Application speak for themselves. To the extent the allegations contained in paragraph 9 differ from the contents of the Application, Wilmington denies the allegations contained in paragraph 9.

10. Wilmington admits only that the contents of the Application speak for themselves. To the extent the allegations contained in paragraph 10 differ from the contents of the Application, Wilmington denies the allegations contained in paragraph 10.

11. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, denies same.

12. Wilmington lacks knowledge or information sufficient to form a belief as to who provided the information referenced in paragraph 12 and admits only that the contents of the Application speak for themselves. To the extent the allegations contained in paragraph 12 differ from the contents of the Application, Wilmington denies the allegations contained in paragraph 12.

13. Wilmington lacks knowledge or information sufficient to form a belief as to who provided the information referenced in paragraph 13 and admits only that the contents of the Application speak for themselves. To the extent the allegations contained in paragraph 13 differ from the contents of the Application, Wilmington denies the allegations contained in paragraph 13.

14. Wilmington lacks knowledge or information sufficient to form a belief as to who provided the information referenced in paragraph 14 and admits only that the contents of the Application speak for themselves. To the extent the allegations contained in paragraph 14 differ from the contents of the Application, Wilmington denies the allegations contained in paragraph 14.

15. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 15 and, therefore, denies same. With respect to the second sentence of paragraph 15, Wilmington admits only that the contents of the Policy speak for themselves. To the extent the allegations contained in paragraph 15 differ from the contents of the Policy, Wilmington denies the allegations contained in paragraph 15.

16. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 16.

**Lincoln's Discovery of Misrepresentations on the Application**

17. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 17 and, therefore, denies same.

18. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 18 and, therefore, denies same.

19. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 19 and, therefore, denies same.

20. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 20 and, therefore, denies same.

**COUNT I**

**DECLARATORY JUDGMENT: POLICY VALIDITY, RIGHTS AND OBLIGATIONS**

21. Wilmington restates and realleges its responses to paragraphs 1 – 21 as if fully set forth herein.

22. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 22 and, therefore, denies same.

23. Wilmington lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 23 and, therefore, denies same.

24. Denied.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### First Affirmative Defense

Plaintiff's complaint fails to state a cause of action for which relief may be granted.

### Second Affirmative Defense

Plaintiff is not entitled to the relief sought under the doctrine of waiver.

### Third Affirmative Defense

Plaintiff is not entitled to the relief sought under the doctrine of laches.

### Fourth Affirmative Defense

Plaintiff is not entitled to the relief sought because it assumed the risk.

### Fifth Affirmative Defense

Plaintiff is not entitled to the relief under the doctrine of estoppel.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Wilmington Trust Company, as Trustee
Under the Paul E. L'Archevesque Special
Revocable Trust – 2006

By Its Attorneys,

/s/ Christine K. Bush
Robert M. Duffy, Esq. (#4428)
Christine K. Bush (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-Ph
(401) 455-0701-Fax
cbush@duffysweeney.com

Dated: April 9, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of April, 2008, a true copy of the foregoing ***Answer of Wilmington Trust Company to Complaint for Declaratory Judgment*** was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including those listed below, and copies will be mailed to those indicated as non-registered participants.

**Steven M. Richard**
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
401-454-1000
Fax: 401-454-1030
Email: srichard@nixonpeabody.com

**Robert H. Humphrey**
Law Offices of Robert H. Humphrey
8 Neck Road
Tiverton, RI 02878
401-816-5862
Fax: 401-816-5865
Email: rhh@rhumphreylaw.com

/s/ Christine K. Bush
Christine K. Bush, Esq.

H:\Clients\L'Archevesque-Wilmington Trust Co\Pleadings\Lincoln National Life Ins. Co. v. Wilmington, et al\Answer of Wilmington Trust Company.doc