**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL E. L'ARCHEVESQUE, and WILMINGTON TRUST COMPANY, as Trustee of The Paul E. L'Archevesque Special Revocable Trust – 2006,<br><br>Defendants. | : | Case No.: 08-74-S-DLM |

**STATEMENT OF CLAIMS AND AUTHORITIES OF PLAINTIFF**
**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

Pursuant to this Court's Order dated April 9, 2008, Plaintiff The Lincoln National Life Insurance Company ("Lincoln") respectfully submits the following Statement of Claims and Authorities.

## INTRODUCTION

This case arose when a life insurance carrier resolved to obtain a judicial determination regarding its rights under a $5 million policy that was applied for – and issued – under false pretenses. When Lincoln issued the subject life insurance policy on the life of Defendant Paul L'Archevesque ("Mr. L'Archevesque") in March of 2006, in reliance upon the representations set forth in the application for coverage, Lincoln reasonably believed it had been given the opportunity to evaluate all material risks associated with the issuance of such coverage. As Lincoln learned early this year, however, that was not the case.

In short, Mr. L'Archevesque had failed to disclose to Lincoln that, at a point in time prior to the submission of the application, he had been diagnosed with, and treated for, early onset Alzheimer's disease, an indisputably serious health condition. The existence of Mr. L'Archevesque's condition substantially affected the hazard assumed by Lincoln when it issued the policy on Mr. L'Archevesque's life. Indeed, had Mr. L'Archevesque truthfully represented his medical history on the application, Lincoln would not have issued the subject policy as applied for.

Lincoln brings this action pursuant to, *inter alia*, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, pertaining to actions for declaratory relief; and R.I. Gen. Laws § 27-4-10, regarding the effect of misstatements in applications for life insurance policies.[1]

## ELEMENTS OF CLAIMS AND AUTHORITIES

### I. Requisite Elements of Declaratory Relief and Relevant Authorities.

Lincoln seeks a judicial declaration as to its rights and obligations under the policy issued on the life of Mr. L'Archevesque, pursuant to 28 U.S.C. § 2201. This section provides, in pertinent part:

> In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

[1] As Lincoln averred in its Complaint, the occurrence of certain policy-related transactions following the subject policy's issuance has prompted questions regarding the underlying validity of the policy. *See* Docket Entry No. 1, at p. 20. To the extent its suspicions are proven correct during discovery, the need may arise for Lincoln to duly amend its Complaint to set forth additional claims.

28 U.S.C. § 2201. At the outset, Lincoln will accordingly demonstrate the existence of a requisite actual, justiciable controversy between the parties. *See* 28 U.S.C. § 2201; *see also Std. Fire Ins. Co. v. Gordon*, 376 F. Supp. 2d 218, 223 n.6 (D.R.I. 2005) (noting that a "justiciable controversy" is not one which is merely hypothetical, but is "definite and concrete, touching the legal relations of parties having adverse legal interests").

The declaratory relief requested by Lincoln, moreover, is of a sort commonly requested by insurers under similar circumstances; allegations of material misrepresentations in the application for insurance have formed the basis of many such actions before this Court. *See Paul Revere Life Ins. Co. v. Fish*, 910 F. Supp. 58 (D.R.I. 1996) (at summary judgment stage, insurer sought declaratory judgment pursuant to 28 U.S.C. § 2201 seeking rescission of disability policy alleging there were material misrepresentations); *Albany Ins. Co. v. Wisniewski*, 579 F. Supp. 1004 (D.R.I. 1984) (action brought pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 9(h) and 57 to rescind binder of marine insurance because of alleged false misrepresentations and concealment); *see also New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549 (D.R.I. 1986).

## II. Requisite Elements of a Claim of Material Misrepresentation and Relevant Authorities.

Lincoln's challenge to the validity of the subject policy is based upon alleged misrepresentations in the application for coverage. The threshold issue, accordingly, is whether a misrepresentation of fact has been made. If one is demonstrated, the law in Rhode Island is clear: "[f]rom the earliest days of Rhode Island jurisprudence – the rule regarding a policy of insurance which has been issued upon a misrepresentation of material fact is that the policy so issued is utterly void." *Superior Court Summit Ins. Co. v. Porcaro*, 2004 R.I. Super. LEXIS 87, *11 (2004) (internal citations omitted).

The question whether a misrepresentation of fact is "material" is controlled by R.I. Gen. Laws § 27-4-10, pertaining to the effects of "misstatements" in applications for life insurance. That section provides:

> No misstatement made in procuring a policy of life insurance shall be deemed material or render the policy void unless this matter represented shall have actually contributed to the contingency or event on which the policy is to become due and payable. Whether this matter represented contributed to that contingency or event shall be a question for the jury.

R.I. Gen. Laws § 27-4-10 (2008). Thus, if the record shows (1) that the applicants made a misstatement on the application for coverage or any amendments or addenda thereto; and (2) that the misstatement was material, i.e., that the matter misstated actually contributed to the contingency or event on which the policy is to become due, then it will be appropriate for the Court to declare the policy void.

The applicant may not prevent the voiding of a policy on misrepresentation grounds by claiming the misstatement was innocently made. "A misrepresentation, even though innocently made, may be actionable, if made and relied on as a positive statement of fact." *The Guardian Life Ins. Co. of America v. Tillinghast*, 512 A.2d 855, 859 (R.I. 1986). Indeed, there is authority under Rhode Island law for the proposition that the applicant need not have had knowledge of the condition about which he made the misstatement. *See e.g. Paradise v. John Hancock Mut. Life Ins. Co.*, 279 A.2d 453 (R.I. 1971) (upholding decision of trial not to instruct the jury that, to defeat recovery under a life insurance policy, it was necessary that the deceased have knowledge of his serious condition at the time of application).

Finally, the statute provides that the question of the materiality of the misrepresentations is one of fact. *See* R.I. Gen. Laws § 27-4-10*; see also Madsen v.*

*Metropolitan Life Ins. Co.*, 156 A.2d 203, 206 (R.I. 1959) (pertaining to mortgage term policy insuring husband's life; under Section 27-4-10, "it was the duty of the jury to determine whether the continuing representations of the insured… contributed to the contingency or event upon which the policy became due and payable").

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**

Dated: May 5, 2008

/s/ Heath M. Lynch

Stephen C. Baker (admitted *pro hac vice*)
stephen.baker@dbr.com
Heath M. Lynch (admitted *pro hac vice*)
heath.lynch@dbr.com
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700

Robert H. Humphrey (I.D. # 4768)
rhh@humphreylaw.com
ROBERT HUMPHREY LAW OFFICES
8 Neck Road
Tiverton, Rhode Island 02878
(401) 816-5862 (phone)
(401) 816-5865 (facsimile)

*Attorneys for Plaintiff*
*The Lincoln National Life Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2008, I electronically filed the foregoing STATEMENT OF CLAIMS AND AUTHORITIES OF PLAINTIFF THE LINCOLN NATIONAL LIFE INSURANCE COMPANY with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to CM/ECF participants. A copy of the foregoing is also being provided to the following persons on this day via First Class U.S. Mail, postage paid:

Robert M. Duffy, Esq.
Christine K. Bush, Esq.
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place
Suite 1200
Providence, RI 02903

*Counsel for Defendants*
*Paul E. L'Archevesque*
*and Wilmington Trust Company*

/s/ Heath M. Lynch
Heath M. Lynch