**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL E. L'ARCHEVESQUE, and WILMINGTON TRUST COMPANY, as Trustee of The Paul E. L'Archevesque Special Revocable Trust – 2006,<br><br>Defendants. | Case No.: 08-74-S-DLM |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

This Agreement ("Agreement") is made this 5th day of September, 2008, by and among counsel for Plaintiff, The Lincoln National Life Insurance Company ("Lincoln") and Defendants, Paul E. L'Archevesque ("L'Archevesque") and Wilmington Trust Company, as Trustee of The Paul E. L'Archevesque Special Revocable Trust – 2006 ("Wilmington") (L'Archevesque and Wilmington are hereafter referred to collectively as "Defendants", and Lincoln and the Defendants are hereinafter referred to collectively as the "Parties"), each with the full express authority and consent of their respective clients to enter into and thereby bind such clients by this Agreement.

WHEREAS, certain documents and other materials sought and to be sought by the Parties in this action (the "Litigation") may contain sensitive, confidential, medical, financial, private and/or proprietary commercial, personal and trade secret information; and

WHEREAS, the Parties wish to proceed with the production of the Confidential Materials (as that term is defined below) with suitable assurances of confidentiality.

NOW, THEREFORE, in consideration of the mutual promises contained herein and intending to be legally bound hereby, the Parties hereby agree as follows:

1. This Agreement shall govern the treatment of all documents and other materials, as well as all information contained in such documents and materials, and all copies, excerpts, or summaries thereof, produced by Parties or non-parties, whether voluntarily or in response to any discovery request, deposition notice or subpoena, or admissions, and any other documents and materials produced or otherwise provided to another Party, whether by discovery, at a hearing or trial or otherwise in connection with the Litigation.

2. If any Party believes in good faith that any documents or other materials or portions thereof that it produces, or is requested to produce, contain or disclose trade secrets, personal, medical, health or financial data, unpublished financial data, proprietary or other confidential, private or sensitive information of a non-public nature, it shall designate such documents or materials by stamping them "Confidential" (collectively, the "Confidential Materials"). Such designation shall be made at the time such documents or other materials are produced. The protection of this Agreement may be invoked with respect to any Confidential Materials by the producing Party in the following manner: With respect to documents, each page containing Confidential Materials shall bear the clear and legible designation "Confidential." With respect to responses to interrogatories, document requests, requests for admission and/or pleadings, each page containing Confidential Materials shall also be so marked. With respect to any deposition, such designation may be invoked by designating specific pages and/or lines thereof as "Confidential" on the record at the deposition, or by serving such designations within 30 days after receipt by the designating party of the transcript of the deposition in which the designations are to be made. All deposition transcripts shall be treated as Confidential Materials

for 30 days following receipt of the transcript irrespective of whether such transcripts have been previously designated as Confidential Materials. Any testimony describing a document containing Confidential Materials shall be deemed to be designated as "Confidential", whether or not the testimony is specifically designated as Confidential Materials. In addition, documents or materials originally authored or prepared by a Party to the Litigation, but produced by a different Party or non-party, may also be designated as Confidential Materials by the authoring or preparing Party after the documents or materials are produced by providing the producing Party with written notice of the designation. In such instance, such Party will be treated as a producing Party under this Agreement. Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain documents or materials designated as "Confidential" shall also be treated as Confidential Materials pursuant to this Agreement.

3. Unless otherwise ordered by the Court, any such Confidential Materials shall be maintained in confidence by the Parties to whom they are produced and their counsel (who shall take all steps reasonably necessary to ensure compliance herewith by persons regularly employed by it to whom such documents and materials are disclosed or made available) and may be used solely by the Parties (and their counsel) for purposes of, and in connection with, the Litigation and for any other legal or arbitration proceedings relating solely to the Life Insurance Policy ("Policy") that is the subject of the Litigation (and not for any other reason or purpose). The Parties to whom they are produced and their counsel may disclose or discuss such Confidential Materials only to the following persons or entities and only in accordance with the provisions of this Paragraph 3:

(a) counsel of record in the Litigation and persons regularly employed in the offices of such counsel;

(b) the Parties (including any non-party who was a party to any of the agreements entered into by a Party relating to the Policy), their affiliates, officers and directors;

(c) any expert or consultant that any of the Parties retain to assist them in the Litigation (including to testify at a deposition, hearing or trial in the Litigation), to the extent such Confidential Materials are necessary for the experts or consultants in rendering their advice or opinions;

(d) witnesses or deponents and their counsel, during the course of and, to the extent necessary, in preparation for and during the taking of depositions or testimony in the Litigation, solely for the purpose of their preparation for or participation in such depositions or testimony; and

(e) litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in the Litigation.

4. Any person or entity (other than persons described in subparagraphs 3(a), (b) or (d) above) given access to Confidential Materials shall, prior to being given such access, be advised of the terms of this Confidentiality Agreement and shall thereby become subject to such terms, including, without limitation, the provisions that such Confidential Materials may not be disclosed to any person or in any manner other than as described in Paragraph 3 above and shall be used solely for purposes set forth above in this Paragraph 3 and for no other reason. In addition, such intended recipient shall sign a written certification in the following form:

> I hereby acknowledge that I, **[name]**, [position of employment], am about to receive confidential information supplied in connection with the litigation entitled *The Lincoln National Life Insurance Company v. Paul E. L'Archevesque and Wilmington Trust Company, as Trustee of The Paul E. L'Archevesque Special Revocable Trust – 2006*, Case No.: 08-74-S-DLM. I understand that such information is to be provided pursuant to the terms and restrictions of the Confidentiality Agreement attached hereto (as the "Agreement"). I have been given a copy of the Agreement and I have read the Agreement. I understand that Confidential Material as defined in the Agreement, or any notes or other records that may be disclosed to me or made by me regarding any such materials, must not be disclosed to any persons except as permitted by the Agreement. I agree to be bound by the terms of the Agreement.

5. Inadvertent production of or failure to designate any documents or materials as Confidential Materials shall not be deemed a waiver of the producing Party's claim of confidentiality as to such documents or materials, and the producing Party or non-party may thereafter designate such information as Confidential Materials.

6. If any Party shall conclude that particular documents or other materials that have been designated as "Confidential" hereunder should not be so treated, such Party shall so notify the designating Party in writing and state the basis for this conclusion. If there is no agreement between the Parties within ten (10) business days following receipt of such notice regarding the status of such documents or materials, then the Party seeking to remove the "Confidential" designation may seek by appropriate motion to have any such "Confidential" designation at issue removed. The Parties shall continue to treat as "Confidential" all such documents or other materials so designated until the Court rules that such documents or materials shall be treated otherwise or the Parties reach agreement on the designation at issue.

7. The Parties will exercise good faith in designating Confidential Materials as "Confidential," and agree that the receipt of any documents or materials marked "Confidential" is not an admission that any particular Confidential Materials contain or reflect trade secrets, personal, medical, health or financial data, unpublished financial data, proprietary or other confidential, private or sensitive information of a non-public nature.

8. Entering into, agreeing to or otherwise complying with the terms of this Agreement and/or producing or receiving Confidential Materials hereunder shall not:

a) prejudice in any way the rights of any Party to object to the production of documents (or any portions thereof) or materials on the basis of burden, relevance, responsiveness, the attorney-client or any other applicable privilege, or the work product doctrine;

b) prejudice in any way the rights of any Party to object to the authenticity or admissibility of any document, testimony or other materials or evidence subject to this Agreement;

c) prejudice in any way the rights of any Party to seek a determination by the Court whether any Confidential Materials have been properly designated as "Confidential" or for a protective order on the basis of relevance, responsiveness, the attorney-client or any other applicable privilege, or the work product doctrine;

d) prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly trade secrets, personal, medical, health or financial data, unpublished financial data, proprietary or other confidential, private or sensitive information of a non-public nature; or

e) prevent the Parties to this Agreement from agreeing in writing to thereafter alter or waive the provisions or protections provided for herein with respect to any particular Confidential Materials or any information contained therein.

9. This Agreement shall not limit, expand or otherwise affect any Parties' right or obligation to otherwise disclose or not disclose to the other Parties documents or other materials it produces in accordance with and subject to applicable law.

10. In the event that a Party intends to file with any court or arbitration tribunal, any pleading, motion, deposition transcript, filing or other document that discloses Confidential Materials, the Parties are bound to comply with the procedures set forth in D.R.I. LR 102(a)(2), and the Party that intends to file the Confidential Materials shall notify the Party that designated the document or materials "Confidential" five days prior to the filing, so that the Party that designated the documents or materials "Confidential" is afforded an opportunity to file a motion to seal.

11. In the event that any person or Party bound by this Agreement is served with a valid and enforceable subpoena or is otherwise ordered by any other court and/or administrative

agency of competent jurisdiction to produce documents or other materials produced by a Party under the terms of this Agreement, such persons or Party shall promptly notify counsel for the producing Party by electronic mail and facsimile of the pendency of such subpoena or other order to produce on or no later than ten (10) days before the return date of the subpoena or other order to produce. With respect to any subpoena or request for information, the Party who receives such a subpoena or request shall not produce any Confidential Materials in response to it without the prior written consent of the producing Party unless in response to an order of a court of competent jurisdiction. No Party will object to the producing Party having a reasonable opportunity to appear in any litigation or proceeding commanding disclosure of such Confidential Materials for the sole purpose of seeking to prevent or restrict disclosure thereof.

12. Within 30 days of final termination (upon the Parties' execution of a release and settlement of their claims and/or the issuance of a final non-appealable Order) of the Litigation, and the final resolution of any other claims arising out of or relating to the Policy, unless the Parties otherwise agree, each Party shall assemble all documents or other materials designated as "Confidential" hereunder that were produced to it, including all copies thereof, and make available all such documents or materials to the producing party or have them destroyed, at the option of the non-producing Party, and shall provide an affidavit from counsel of record certifying that a good-faith search for any and all such documents or other materials has been made and that the provisions of this paragraph have been satisfied by such non-producing Party.

13. If documents or information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any Party is nevertheless inadvertently produced to such Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing Party would otherwise be entitled (collectively, a "privilege"). If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of the receiving Party,

the receiving Party shall promptly return to the producing Party those documents and information (or the portion thereof) as to which the claim of inadvertent production has been made, including any copies that are not destroyed, and the receiving Party shall not use such information for any purpose until the Court issues an order concerning the producing Party's claim that the documents were inadvertently produced. The Party returning such documents or information may subsequently move the Court for an order compelling production of the documents or information, but any such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production, unless the moving party asserts that there was no valid basis for withholding production of the documents or information.

14. The Parties agree that the production of any Confidential Materials designated as "Confidential" by any non-party to the Litigation shall be subject to and governed by the terms of this Agreement. In the event that an additional Party(ies) joins or is joined in the Litigation, they shall not have access to Confidential Materials unless and until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Agreement.

15. In the event that any Confidential Materials are used in any Court proceeding in the Litigation or any appeal therefrom, said Confidential Materials shall not lose their status as "Confidential" through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any Court proceedings

16. The undersigned counsel represent on their own behalf that they have authority to enter into this Agreement and to so bind their respective clients.

17. This Agreement has no effect upon, and shall not apply to, the Parties' use of their own Confidential Materials for any purpose. Nothing herein shall (a) prevent a Party from disclosing Confidential Materials to (i) any individual or entity permitted in Paragraph 3 above, (ii) any individual to whom the producing Party previously provided such Confidential Materials, (iii) any author of such Confidential Material, or (iv) any other person upon the prior

written agreement of the Parties or upon Order of the Court; (b) impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as "Confidential" hereunder that were obtained lawfully by such Party independently of the discovery proceedings in the Litigation; nor (c) prevent a Party from disclosing, disseminating or making use of its own Confidential Material for any purpose, whether in conjunction with the Litigation or otherwise.

18. The Parties hereby stipulate and agree that a Protective Order in the form hereto attached shall be presented to the Court for approval and the Court may enter such Order.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]

**Ordered:** Wendy Smith
**Deputy Clerk**

**ENTERED:**

WSMM
**Judge William E. Smith**
**United States District Judge**

**DATE:** 9/12/08