```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                   )
THE LINCOLN NATIONAL LIFE          )
INSURANCE COMPANY,                 )
                                   )
         Plaintiff,                )
                                   )
    v.                             )    C.A. No. 08-74 S
                                   )
WILMINGTON TRUST COMPANY,          )
Co-Trustee of The Paul E.          )
L'Archevesque Special Revocable    )
Trust — 2006; JAY L'ARCHEVESQUE,   )
Co-Trustee of The Paul E.          )
L'Archevesque Special Revocable    )
Trust — 2006,                      )
                                   )
         Defendants.               )
_____)

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

The motions before the Court represent the latest in the saga of Paul E. L'Archevesque's ("Paul") life insurance policy (the "Policy") with Lincoln National Life Insurance Company ("Lincoln National" or "Plaintiff"). Approximately two months after this Court granted partial summary judgment in favor of Lincoln National and declared the Policy void ab initio, Paul passed away. Each Defendant subsequently filed (1) a motion for leave to amend each Defendant's Answer to the Complaint (ECF Nos. 138 & 141); (2) a motion for leave to supplement the record of the case to reflect a claim for death benefits under the

Policy made by the Trustees of the Paul E. L'Archevesque Special Revocable Trust – 2006 (the "Trust") and for the Court to vacate its summary judgment order of October 4, 2012 (the "Order," ECF No. 136) (ECF Nos. 139 & 140); and (3) together with Plaintiff, a stipulation for voluntary dismissal of the counts not decided by the Order (ECF No. 145). Plaintiff filed a motion for an entry of final judgment in its favor. (ECF No. 146.)

I.   Motions for Leave to Amend Answer

Defendants seek leave to amend their Answers to the Complaint in order to add a counterclaim of breach of contract against Plaintiff. Defendants allege that they made a valid claim for benefits under the Policy upon Paul's death and Plaintiff breached its contract with the Trust, and the implied covenant of good faith and fair dealing therein, by not paying the benefit upon Paul's death.

Defendants' motions are governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which states that a party may amend a pleading with the court's leave and that leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).[1]   However, a court should deny leave to amend in

---

[1] Plaintiff asserts that Defendants must show good cause to receive leave from the Court to amend their answers, in accordance with Rule 16(b) of the Federal Rules of Civil Procedure. However, this standard relates only to motions to amend a court's pre-trial schedule that Rule 16 requires it to adopt. In this case, the Court elected to not include a

instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.").

In this case, Defendants' motions must be denied because leave to amend would be futile. There are no facts that Defendants could plead that would cause Plaintiff to be liable to Defendants for breach of contract or breach of the implied covenant of good faith and fair dealing. Both theories are based on the existence of a contract that was declared void ab initio prior to Paul's death and, thus, is unenforceable. See Smithfield Estates, LLC v. Heirs of Hathaway, C.A. No. PC 2003-4157, 2012 R.I. Super. LEXIS 35, at *14 (R.I. Super. Ct. Mar. 9, 2012) ("A document found to be void ab initio is null from its very beginning."); see also United States v. Mardirosian, 602 F.3d 1, 7 (1st Cir. 2010) (stating that a contract that was void ab initio "may not be enforced, and the court will treat the

---

deadline for amending the pleadings in its schedule, so the Rule 16(b) standard for amending the schedule is inapplicable.

contract as if it had never been made" (internal citation and quotation marks omitted)).

Defendants argue that the Order did not have the effect of voiding the Policy, but it merely stated that grounds for rescinding the policy existed, and then it was incumbent upon Plaintiff to actually rescind the Policy. Defendants assert that Plaintiff never did rescind the Policy because it never returned the premiums that Defendants paid under the Policy. Therefore, according to Defendants, the Policy is still in effect and the Trust may submit a claim for benefits.

The Court was clear in the Order that the Policy was void ab initio. Under Rhode Island law, "a material misrepresentation in an insurance application makes voidable, without a concomitant demonstration of fraud, an insurance contract that is issued upon the application." Evora v. Henry, 559 A.2d 1038, 1040 (R.I. 1989) (citing Guardian Life Ins. Co. of Am. v. Tillinghast, 512 A.2d 855 (R.I. 1986); Affleck v. Potomac Ins. Co., 49 R.I. 112, 140 A. 469 (1928); Leonard v. State Mut. Life Assurance Co., 24 R.I. 7, 51 A. 1049 (1902)). A court may void a policy without further action by the insurer. See generally Commonwealth Land Title Ins. Co. v. IDC Props., Inc., 524 F. Supp. 2d 155 (D.R.I. 2007) aff'd, 547 F.3d 15 (1st Cir. 2008). This Court voided the Policy because of omissions in Paul's insurance application regarding his medical history.

While the Order references "grounds for rescission" of the Policy, to the extent there is a difference between the meaning of that term and "void ab initio", this Court unequivocally concluded that the Policy was void ab initio. (See Order, ECF No. 136 at 28 ("Accordingly, for the reasons stated above, the Policy is void ab initio because of the material misrepresentations contained on the Application.").) It would be unfair for the Court to hold Lincoln National responsible for failing to complete rescission of the Policy after the Policy was declared void ab initio.

Even if Defendants are correct that the effect of the Order was to hold that the Policy was rescindable, rather than void, Plaintiff's failure to return the premiums paid does not mean that the Policy remains in effect. Defendants rely on Borden v. Paul Revere Life Ins. Co. for the proposition that "the general rule is that when an insurer ventures to rescind a policy on the basis of a material misrepresentation in the application, it must first tender to the insured the premiums paid under the policy." 935 F.2d 370, 379 (1st Cir. 1991). However, Borden continues by explaining that this general rule has its exceptions and the "return of the premium is not a condition precedent to rescission." Id. Plaintiff had requested a declaratory judgment from the Court regarding whether the return of the premium paid was required in this instance, which request

was not a subject of the Court's summary judgment Order. Therefore, whether Plaintiff was required to return premiums paid under the Policy was an outstanding question, and Plaintiff's failure to do so did not mean that the Policy was not rescinded.

Defendants further argue that the Policy remains in effect because Plaintiff placed it in "'suspense' . . . pending the resolution of the litigation," whereby no premiums on the Policy would be due. (See Letter to Counsel, Ex. B, ECF No. 139-3.) Defendants provide no case law to support this theory, which contradicts the clear meaning of the letter to which Defendants refer. The letter was clearly designed merely to suspend the collection of premiums until the Court decided whether the Policy was void. It did not amount to an agreement that the Policy would remain in force through the appeal of an order by this Court. When the Court declared the Policy void ab initio, the Policy was no longer in "suspense," but was treated as if it had never existed.

Because no valid contract existed between Plaintiff and the Trust at the time of Paul's death, amending Defendants' Answers to allege that Plaintiff failed to perform under a contract would be a futile exercise that would only delay this litigation, and leave to amend is denied.

II. Motions to Reconsider and Vacate the Order

The Court can conceive of no reason to reconsider and vacate its Order. The First Circuit Court of Appeals has stated that "[w]hile the Federal Rules [of Civil Procedure] do not provide for a 'motion to reconsider,' a district court has the inherent power to reconsider its interlocutory orders, and we encourage it to do so where error is apparent." Fernandez-Vargas v. Pfizer, 522 F.3d 55, 61 n.2 (1st Cir. 2008) (citing Warren v. Am. Bankers Ins., 507 F.3d 1239, 1243 (10th Cir. 2007)). It is an extraordinary remedy and should be used sparingly "[u]nless the court has misapprehended some material fact or point of law." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). "To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id. (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)).

Defendants argue that the facts have changed such that the legal conclusions articulated in the Order are no longer correct. According to Defendants, the death of Paul, and the subsequent claim for benefits under the Policy allegedly submitted by the Trust, entitles Defendants to a jury trial before the Policy may be rescinded. Defendants would then be entitled to benefits under the Policy if the jury determines

that Paul's death was caused by something other than the conditions that he omitted from his life insurance application. Defendants point to Rhode Island General Laws § 27-4-10, which provides that no misstatements made in procuring a life insurance policy "shall be deemed material or render the policy void unless this matter represented shall have actually contributed to the contingency or event on which the policy is to become due and payable." Under this statute a jury must decide whether the matter misrepresented or omitted from a life insurance application contributed to the insured's death. R.I. Gen. Laws § 27-4-10. Defendants contend that, while the Court may have had jurisdiction during the life of the insured to void the Policy, now that Paul has died, a jury must determine whether grounds to rescind the Policy exist.

Defendants' arguments fail because, even if Defendants are correct that only a jury can find grounds to rescind a policy if a claimant brings a legal action to enforce it, there can be no action to enforce a claim under this Policy because it was declared void ab initio prior to Paul's death. No policy exists under which Defendants can seek to enforce a claim for benefits resulting from Paul's death. Thus, Defendants are not entitled to a jury trial to determine the materiality of omissions from Paul's life insurance application and the Court need not vacate its prior Order to provide them with one.

III. Motions to Supplement Record

Defendants also seek to supplement the record of this case to reflect their contention that the Trust submitted a valid claim for benefits under the Policy.  Plaintiff does not object to supplementing the record to reflect the fact of Paul's death, but it does object to supplementing the record to reflect that a valid claim for benefits under the Policy was submitted by the Trust.  Plaintiff asserts that a specific form must be completed to trigger a valid claim for benefits under the Policy, while Defendants argue that the Policy permits a broader array of documents to trigger a valid claim.

Regardless of whether the Policy permits documentation of the insured's death other than the forms identified by Plaintiff, the record cannot reflect that a valid claim for benefits was made under the Policy because no Policy existed at the time of Paul's death.  It was declared void ab initio prior to that time.  A motion for leave to supplement the record falls within the district court's discretion.  See United States v. One Lot of U.S. Currency ($36,634), 103 F.3d 1048, 1050 (1st Cir. 1997).  Here, the documents that, according to Defendants, amount to a valid claim for benefits under the Policy would add nothing to the record of this case.  They do not amount to a valid claim because no Policy existed at the time they were

submitted to Plaintiff. Therefore, Defendants' motions to supplement the record are denied.

IV. Dismissal of Remaining Claims

Each of Plaintiff's claims not subject to the Order is dismissed without prejudice in accordance with the Stipulation of Partial Voluntary Dismissal executed by each party. ("Stipulation," ECF No. 145.) Each party stipulated to the dismissal of these claims in order to facilitate the appeal of the Order. Appeal requires a "final disposition" that combines "in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949); 28 U.S.C. § 1291. Therefore, in order to provide the parties with a final decision that is ripe for appeal, the Court dismisses Plaintiff's remaining claims, subject to all conditions enumerated in the Stipulation.

V. Entry of Final Judgment

The dismissal of all claims ends all litigation on the merits and nothing remains for this Court to do in this case but enter final judgment. See Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989). Therefore, judgment shall enter for Plaintiff.

VI. Conclusion

For the reasons stated above, each Motion for Leave to Amend the Answer is DENIED and each Motion to Supplement the Record and to Reconsider and Vacate the Opinion and Order Entered October 4, 2012 is DENIED.  Additionally, the remaining claims are DISMISSED and Plaintiff's Motion for Entry of Final Judgment is GRANTED.


IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  August 9, 2013